LOUIS G. ABIZAID *vs.* ANISA A. A. ABIZAID.

DECEMBER 31, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an action in assumpsit on book account and the common counts. A jury found for the plaintiff in the sum of $355. The defendant's motion for a new trial was granted unless plaintiff, within a specified time, remitted all of the verdict in excess of $300. The remittitur was duly filed. The defendant's only exception before us is to the refusal of the trial justice to grant her an unconditional new trial.

The plaintiff is an uncle of the defendant. The controversy between them arose from an oral letting for an indefinite term of a rooming house in the city of Providence belonging to defendant. It would serve no useful purpose to refer to the testimony, which is replete with the minutest details as to the origin of the transaction in July 1948, the cause of misunderstanding between the parties, the termina-

tion of relations in bitter disagreement on or about August 31, 1948, and the claims of the parties respecting the credits and debits to which each was entitled. The evidence was seriously conflicting and irreconcilable, which fact made the credibility of the witnesses of prime importance.

In his decision from the bench on defendant's motion for a new trial the trial justice, after characterizing defendant's testimony as a "fantastic flat denial of all the plaintiff's claims" and as being "far from the truth," said that in his independent judgment the verdict as to liability was supported by the law and the evidence. He then, as required, proceeded to examine the amount of the damages and ordered the remittitur hereinbefore mentioned.

The defendant contends that in the circumstances of this case the plaintiff could only recover under the count for money had and received and that there was no evidence to support that count. We agree that recovery could be had only under the count designated by the defendant, but we disagree with her further contentions that there was no evidence in support thereof; that the jury failed to follow the charge of the court; and that the trial justice, in ruling on the motion for a new trial, misconceived the evidence. From our reading of the transcript we find that there was competent evidence, both direct and by reasonable inference, to support the verdict of the jury and the decision of the trial justice. It is clear to us that when the evidence is read as a whole and in the light of the unequivocal adverse evaluation of defendant's credibility by the trial justice, who had the advantage of seeing and hearing her testify, he did not misconceive the real import of the evidence, as defendant argues. In such a situation, following our well-settled rule which by this time needs no citation of authority, we cannot say that the trial justice was clearly wrong in denying defendant's motion for a new trial.

The defendant's exception to the denial of her motion for an unconditional new trial is overruled, and the case is

remitted to the superior court for entry of judgment for the plaintiff as reduced by the remittitur.

*Kirshenbaum & Kirshenbaum,* for plaintiff.

*Leo M. Cooney, John B. Kelaghan,* for defendant.